9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TAYLOR RENTAL CORPORATION, a Delaware Corporation;
Reli-Financial Corporation,
Plaintiffs-Counter-Defendants-Appellees,
v.
Robert MITCHELL; Carol Mitchell,
Defendants-Counter-Claimants-Appellants.
 No. 92-55682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert and Carol Mitchell appeal the district court's order granting Taylor Rental Corporation's Fed.R.Civ.P. 60 motion for correction of a clerical error and entering final judgment. We review for an abuse of discretion, Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir.1990), and we affirm.
 
 BACKGROUND
 
 3
 Taylor Rental filed a complaint against the Mitchells to foreclose on a deed of trust on their real property for non-payment on promissory notes. The Mitchells counterclaimed against Taylor Rental for breach of an agreement to pay the Mitchells' health insurance premiums and for an accounting.
 
 
 4
 The district court granted summary judgment in favor of Taylor Rental on the Mitchells' insurance claims. Pursuant to the parties' stipulation, the court dismissed the remaining claims without prejudice.
 
 
 5
 Over one year later, Taylor Rental filed a motion under Fed.R.Civ.P. 60(a) and 60(b)(6) for formal entry of judgment in accordance with the court's prior orders. The district court granted the motion, and entered a final judgment dismissing the insurance claims with prejudice and the remaining claims without prejudice.
 
 DISCUSSION
 
 6
 The Mitchells contend that the district court erred in granting Taylor Rental's motion under Rule 60(a) for entry of judgment because the stipulation did not provide for formal entry of judgment and therefore the district court substantively altered the terms of the stipulation by directing entry of judgment.[1]
 
 
 7
 Rule 60(a) permits the district court to correct clerical errors in its orders and judgments at any time on its own initiative or on the motion of any party. The district court has wide latitude to invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of its decision. Robi, 918 F.2d at 1445. The court's failure to memorialize part of its decision constitutes a clerical error. Hasbrouck v. Texaco, Inc., 879 F.2d 632, 636 (9th Cir.1989).
 
 
 8
 Here, the district court properly invoked Rule 60(a) to enter judgment in accordance with its prior orders. See id. Fed.R.Civ.P. 58 requires the district court to enter judgment at the conclusion of an action, and, as the stipulation itself states, the district court's prior orders resolved all claims in the action. The Mitchells' contention that the parties agreed not to seek entry of judgment in this action is not supported by the stipulation, which contains no such provision. The entry of judgment did not substantively alter the district court's decision; to the contrary, the district court's order granting Taylor Rental's motion for entry of judgment explicitly stated that judgment would be entered in accordance with the court's prior orders. Accordingly, the district court's judgment is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Mitchells' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that the district court properly granted Taylor Rental's motion for entry of judgment under Rule 60(a), we decline to address the Mitchells' contention that Taylor Rental's motion failed to satisfy the requirements of Rule 60(b)(6)